## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RASHAD RICHMOND,<br>#M41803,<br><br>    **Plaintiff,**<br><br>v.<br><br>C/O RUTHERFORD,<br>C/O THOMPSON,<br>C/O HANNAH, and<br>LIEUTENANT DIXON,<br><br>    **Defendants.** | Case No. 19-cv-01097-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Rashad Richmond, while an inmate of the Illinois Department of Corrections, commenced this civil rights action pursuant to 42 U.S.C. § 1983 for the deprivations of his constitutional rights regarding retaliation and unconstitutional conditions of confinement that occurred at Lawrence Correctional Center. He seeks monetary damages.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth*

Page 1 of 8

*Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

COMPLAINT

Richmond alleges the following: On July 23, 2019, he was taken from crisis watch to segregation. (Doc. 1, p. 8). Richmond had been in crisis watch for two weeks after being assaulted by officers. Upon arrival at his cell in segregation, he immediately notified officers that he needed a mattress and bedroll. Around 3:00 p.m., during shower time, he also notified Correctional Officer Rutherford and Lieutenant Dixon that he did not have a bedroll or mattress, but his requests were ignored. (*Id.*). Despite have medical issues due to a car accident, he was left in the shower and forced to stand for six hours. (*Id.* at p. 8-9, 10). The correctional officers also told the nurse making rounds not to give Richmond pain medicine. (*Id.* at p. 9).

At around 9:00 p.m., when Rutherford came to escort Richmond from the showers, Rutherford told Richmond that Richmond was left in the showers out of retaliation because Richmond had filed a Prison Rape Elimination Act ("PREA") report on him and for the assault incident two weeks earlier. (*Id.* at p. 10).

When Richmond arrived back to his cell, he still did not have a bedroll or a mattress and had not been served a dinner tray. (*Id.* at p. 10). When he asked Rutherford about his dinner, bedroll, and mattress, Rutherford answered, "third shift can figure it out[.]" (*Id.* at p. 11). Richmond then would not return the restraints as Rutherford was removing them. Sergeant Anthony Seen and Lieutenant Dixon were called. Richmond told the correctional officers to get the major. Major Whelan arrived and provided Richmond with pain medication, a mattress, bedroll, and dinner. Because he was forced

to stand for so long in the shower, he his legs lockup, and he experiences ongoing pain in his knees and legs and muscle spasms. (*Id.*).

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to designate the claims in this case into the following three Counts:

> **Count 1:** First Amendment claim against Thompson, Hannah, and Rutherford for leaving Richmond in the showers for six hours in retaliation for Richmond filing a PREA report against Rutherford and involvement in a staff assault incident.

> **Count 2:** Eighth Amendment claim of cruel and unusual punishment against Thompson, Hannah, and Rutherford for leaving Richmond in the showers for six hours and denying him pain medication.

> **Count 3:** Eighth Amendment claim of unconstitutional conditions of confinement against Dixon and Rutherford for denying Richmond a mattress and bedroll.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Count 1

"An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). The filing of a complaint, grievance, or lawsuit by a prisoner is activity protected under the First Amendment. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Bridges v. Gilbert*, 557

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

F.3d 541, 552 (7th Cir. 2009).

Richmond claims that on one occasion Correctional Officer Rutherford left him in the shower for two hours, and then on July 23, 2019, Correctional Officers Rutherford, Thompson, and Hannah again left him in the shower for six hours in retaliation for filing a PREA report and being involved with an officer assault incident. Count 1 will proceed against Rutherford, Thompson, and Hannah to the extent Richmond claims they retaliated against him for filing a PREA report. His claims that he was retaliated against regarding the officer assault incident is dismissed, as he has not alleged he was engaged in a constitutionally protected activity.

### Count 2

Richmond claims that Defendants knew it was difficult for him to stand for long periods of time, due to various injuries, but left him in the shower while they played cards, ate dinner, and carried on conversation, in an effort to humiliate him. When he asked to return to his cell, they ignored him. Defendants also instructed the nurse not to provide him pain medication. Count 2 shall proceed against Thompson, Hannah, and Rutherford for forcing Richmond to stand for hours and denying him pain medication for several hours without a penological reason. *See Chatman v. Ill. Dep't of Corr.,* 685 F. App'x 487, 489 (7th Cir. 2017) ("Prison authorities violate the Eighth Amendment when they treat inmates in a way that is motivated by a desire to harass or humiliate or intended to humiliate and cause psychological pain.") (quotation marks and citations omitted).

### Count 3

Richmond's claim that he was denied bedding for several hours on July 23, 2019,

does not arise to an Eighth Amendment claim of unconstitutional conditions of confinement and shall be dismissed. *See Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) ("An objectively sufficiently serious risk is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency.") (quotation marks and citations omitted).

### MOTION TO RECRUIT COUNSEL

Within his Notice of Change of Address, Richmond asks the Court to appoint him an attorney. (*See* Doc. 15). Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), however, the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt,* 503 F.3d at 654).

Richmond states that his aunt has been trying to find him an attorney by meeting with lawyers, calling legal clinics and law firms, and visiting multiple legal buildings. These generalized statements, however, are not sufficient for the Court to determine that he has made a reasonable effort to obtain counsel on his own, and thus, he has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). Accordingly, his request for court

recruited counsel is denied. Should Richmond choose to move for recruitment of counsel at a later date, the Court directs him to include in the motion the names and addresses of at least three attorneys he or his aunt has contacted, and if available, attach the letters from the attorneys who declined representation.

DISPOSITION

For the reasons set forth above, the Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. **Counts 1** and **2** shall proceed against **Thompson, Rutherford,** and **Hannah**. **Count 3** is dismissed. Because there are no claims proceeding against **Dixon,** he is **DISMISSED**, and the Clerk of Court is **DIRECTED** to terminate **Dixon** as a defendant in this action.

The Motion for Recruitment of Counsel (Doc. 16) is **DENIED** without prejudice.

The Clerk of Court shall prepare for **Thompson, Rutherford,** and **Hannah**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Richmond. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Richmond, the employer shall furnish the Clerk with that defendant's

current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Richmond, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2(A).

Finally, Richmond is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED:   May 5, 2020

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at **least 60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days or more**. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Richmond is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Richmond need not submit any evidence to the Court at this time, unless specifically directed to do so**.**