IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RASHAD RICHMOND,
#M41803,

    **Plaintiff,**

v.

C/O RUTHERFORD, *et al.*,

    **Defendants.**

Case No. 19-cv-01097-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

  Plaintiff Rashad Richmond, while an inmate of the Illinois Department of Corrections, commenced this civil rights action pursuant to 42 U.S.C. § 1983 for the deprivations of his constitutional rights regarding retaliation and unconstitutional conditions of confinement that occurred at Lawrence Correctional Center. He is currently proceeding with claims of retaliation and cruel and unusual punishment against Defendants for leaving him in the showers for six hours and denying him pain medication. (*See* Doc. 17).

  On December 2, 2019, the Court issued an order directing Richmond to file a Notice Regarding Magistrate Judge Jurisdiction form indicating consent to proceed before a magistrate judge or an affirmative declination to consent. (Doc. 11). Richmond failed to return the form within the allotted time, and so, the Court issued another order on January 13, 2020, advising Richmond that the deadline for filing the form had passed, but granting him an additional seven days to consent or decline to consent to magistrate

judge jurisdiction. Richmond was warned that failure to return the form would result in possible sanctions. (Doc. 13). Richmond, again, did not file the form with the Court.

On January 28, 2020, the Court issued another order directing Richmond to show cause why sanctions should not be imposed on him for failure to file the form. (Doc. 14). Richmond did not return the form or respond to the Court's directive to explain why sanctions should not be imposed. On March 26, 2020, Richmond filed a document notifying the Court that his address had changed and asking the Court to recruit counsel on his behalf, which the Court denied. On June 16, 2020, he filed a motion asking the Court to reconsider the denial of his motion to recruit counsel. (Doc. 20). He has yet to comply with the Court's orders directing him to return the Notice and Consent form.

The Court notes that Richmond is no longer in IDOC custody, and it appears he has changed addresses at least twice. (*See* Docs. 12, 15). Because of his recent relocation, the Court will allow Richmond one last opportunity to file the Notice Regarding Magistrate Judge Jurisdiction form. Richmond is **ORDERED** to return the attached form by **July 8, 2020. Failure to file the form by this date will result in dismissal of this action for failure to comply with a court order. FED. R. CIV. P. 41(b).**

Furthermore, the Motion for Reconsideration (Doc. 20) is **DENIED without prejudice**. The Court previously determined that Richmond had not demonstrated that he had made reasonable efforts to obtain counsel on his own prior to seeking the Court's assistance in recruiting counsel.[1] In his motion for reconsideration, Richmond includes

---

[1] In evaluating Richmond's request for the recruitment of counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

copies of the letters he has sent to three law firms, and the Court finds that he has made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se,* Richmond states that he has been receiving mail from the Defendants and does not understand or know what to do. Nonetheless, the Court finds that Richmond can proceed *pro se,* at least for now. This straightforward case is currently proceeding on two claims against three defendants and, given the early stage of litigation, it is difficult to accurately evaluate the need for assistance of counsel. Richmond states he is getting numerous documents from Defendants. Although Richmond is currently litigating other cases in this district, *in this case,* Defendants have only been served and have not yet filed an answer to his complaint. Richmond's pleadings indicate he can communicate with Court, and he appears competent to try this matter without representation at this time. As the case progresses, if Richmond has significant difficulty, he may refile his motion.

**IT IS SO ORDERED.**

DATED:   June 18, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**